Memorandum Opinion by Justice Moseley
Ruthen James Weems, III, alleged that a nurse at Baylor Scott & White, Hillcrest Medical Center, knowingly authored a false report that a patient, Ernest Bradshaw, had been shot. According to Weems, this false report was used to criminally charge him for the attempted murder of Bradshaw. After concluding that Weems *294 was asserting a health care liability claim, the trial court dismissed it on the ground that Weems had failed to file an expert report. See TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2017).
Weems appeals,[1] arguing that he was not required to file an expert report because he did not assert a healthcare liability claim.[2] Weems' petition clearly demonstrated that his complaint was the knowing fabrication of an allegedly false medical report. Although there is a split among the courts of appeals, the Waco Court of Appeals has concluded that claims involving alteration and fabrication of medical records are not healthcare liability claims and, therefore, do not trigger the expert report requirement of Section 74.351.[3] Benson v. Vernon , 303 S.W.3d 755, 759 (Tex. App.-Waco 2009, no pet.). Accordingly, we sustain Weems' point of error.
We reverse the trial court's judgment and remand the matter to the trial court for further proceedings.

Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann. § 73.001 (West 2013). We follow the precedent of the Tenth Court of Appeals in deciding this case. See Tex. R. App. P. 41.3.

"We review a trial court's order on a motion to dismiss a claim for failure to comply with the expert report requirements under an abuse-of-discretion standard." Benson v. Vernon , 303 S.W.3d 755, 757 (Tex. App.-Waco 2009, no pet.).

Under the current state of the law, we disagree with the conclusion reached by our sister court in Benson in 2009.